Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Eastern District of Kentucky
FILED
FEB - 2 2026
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
for the
**EASTERN** District of **KENTUCKY**
**CENTRAL** Division

CORY L. CHENAULT SR.
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)
SEE ATTACHED (I.), (II.), (III.)

-v-

AT&T INC.
Defendant(s)
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case No. 5:26-cv-37-DCR
(to be filled in by the Clerk's Office)

Jury Trial: (check one) ☑ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: CORY L. CHENAULT SR. & FAMILY
Street Address: 1598 RUSSELL CAVE ROAD
City and County: LEXINGTON,
State and Zip Code: KENTUCKY, 40505
Telephone Number: (859) 916-2006
E-mail Address:

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Page 1 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

- Name: AT&T INC.
- Job or Title (if known): TELEPHONE COMPANY
- Street Address: 208 S. AKARD STREET
- City and County: DALLAS, DALLAS-FORT WORTH (METROPLEX)
- State and Zip Code: TEXAS, 75202
- Telephone Number: 1-(844) 912-0202
- E-mail Address (if known): UNKNOWN

Defendant No. 2

- Name: JOHN STANKEY
- Job or Title (if known): PRESIDENT / CEO
- Street Address: 208 S. AKARD STREET
- City and County: DALLAS, DALLAS-FORT WORTH (METROPLEX)
- State and Zip Code: TEXAS, 75202
- Telephone Number: 1-(844)-912-0202
- E-mail Address (if known): UNKNOWN

Defendant No. 3

- Name: JOSEPH P. TOCCO
- Job or Title (if known): SENIOR VICE PRESIDENT / ASST. GENERAL COUNSEL
- Street Address: 208 S. AKARD STREET
- City and County: DALLAS, DALLAS-FORT WORTH (METROPLEX)
- State and Zip Code: TEXAS, 75202
- Telephone Number: 1-(844)-912-0202
- E-mail Address (if known): UNKNOWN

Defendant No. 4

- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION AT LEXINGTON

CASE NO.

CORY L. CHENAULT, SR., ANA HAMMONDS, INDIVIDUALLY, AND AS PARENTS AND LEGAL GUARDIANS ON BEHALF OF THEIR MINOR CHILDREN WHOSE DATA WAS COMPROMISED,
    PLAINTIFF(S),

VS.

AT&T INC., JOHN STANKEY, IN HIS OFFICIAL CAPACITY AS PRESIDENT AND CHIEF EXECUTIVE OFFICER OF AT&T INC., JOSEPH P. TOLCO, IN HIS OFFICIAL CAPACITY AS SENIOR VICE PRESIDENT AND ASSISTANT GENERAL COUNSEL OF AT&T INC.,
    DEFENDANT(S)

## COMPLAINT FOR A CIVIL LAWSUIT CASE

COMES, NOW, THE PLAINTIFF(S), BY AND THROUGH

(1)

CONTINUE →

THEMSELVES AND PROCEEDING PRO'SE, NON-PERCEIVABLE OF LAW, BRING THIS CIVIL ACTION AGAINST DEFENDANTS AND ALLEGE AS FOLLOWS:

## I. INTRODUCTION

1. THIS IS AN INDIVIDUAL CIVIL ACTION ARISING FROM DEFENDANT(S) FAILURE TO SAFEGUARD PLAINTIFF(S) AND THEIR MINOR CHILDREN'S SENSITIVE PERSONAL DATA, RESULTING IN UNAUTHORIZED ACCESS, DISCLOSURE, AND MISUSE OF THAT DATA IN A LARGE-SCALE DATA SECURITY INCIDENT PUBLICLY DISCLOSED BY AT&T IN JULY 2024.

2. PLAINTIFF(S) EXPRESSLY AND TIMELY OPTED-OUT OF ANY CLASS ACTION SETTLEMENT RELATED TO THE AT&T CUSTOMER DATA SECURITY BREACH AND BRING THIS ACTION SOLELY ON THEIR OWN BEHALF FOR INDIVIDUALIZED DAMAGES AND EQUITABLE RELIEF.

3. DEFENDANT(S) COLLECTED, STORED, MONETIZED, AND RETAINED PLAINTIFF(S) PERSONAL AND PROPRIETARY INFORMATION WHILE FAILING TO IMPLEMENT REASONABLE AND INDUSTRY-STANDARD DATA SECURITY MEASURES, THEREBY CAUSING CONCRETE AND ONGOING HARM.

## II. JURISDICTION AND VENUE

4. THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*   SEE ATTACHED (II.)

[✓] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual
    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation
    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual
    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

**SEE ATTACHED (IV.) & (V)**

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

**SEE ATTACHED (VI.)**

28 U.S.C. § 1331, BECAUSE THIS ACTION PRESENTS FEDERAL QUESTIONS, INCLUDING DUTIES ARISING UNDER FEDERAL COMMUNICATIONS AND DATA PROTECTION LAWS.

5. THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS PURSUANT TO 28 U.S.C. § 1367.

6. VENUE IS PROPER IN THIS DISTRICT UNDER 28 U.S.C. § 1391(B) BECAUSE PLAINTIFF(S) RESIDE IN THIS DISTRICT AND DEFENDANT(S) CONDUCT SUBSTANTIAL BUSINESS IN THE COMMONWEALTH OF KENTUCKY.

### III. PARTIES

7. PLAINTIFF(S), ARE RESIDENTS OF THE COMMONWEALTH OF KENTUCKY AND WERE CUSTOMERS AND END USERS OF AT&T SERVICES FOR YEARS AND DURING THE RELEVANT PERIOD.

8. PLAINTIFF(S), INCLUDE PARENTS AND LEGAL GUARDIANS OF MINOR CHILDREN WHOSE PERSONAL DATA WAS COLLECTED, PROCESSED, STORED, AND EXPOSED BY DEFENDANT(S). THE ADULT PLAINTIFF(S) BRING CLAIMS ON BEHALF OF THEIR MINOR CHILDREN AS NATURAL PARENTS AND NEXT FRIENDS PURSUANT TO RULE 17(C) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

9. DEFENDANT AT&T INC., IS A DELAWARE CORPORATION WITH ITS PRINCIPAL PLACE OF BUSINESS IN TEXAS AND CONDUCTS SUBSTANTIAL BUSINESS NATIONWIDE, INCLUDING IN KENTUCKY.

10. Defendant, John Stankey, is the President and Chief Executive Officer of AT&T Inc. and is responsible for corporate policies, including data governance and security oversight.

11. Defendant, Joseph P. Tocco, is Senior Vice President and Assistant General Counsel of AT&T Inc. and exercised authority over compliance, risk management, and consumer data protection matters.

## IV. Factual Allegations

12. Defendant(s) required Plaintiff(s) to provide sensitive personal information, including names, telephone numbers, account identifiers, usage data, and related information, as a condition of receiving telecommunications services.

13. Defendant(s) represented, expressly and impliedly, that they would safeguard this information and use reasonable security measures to protect customer data.

14. On or about July 12, 2024, AT&T publicly disclosed that customer data had been unlawfully accessed and downloaded from a third-party cloud environment, identified as Snowflake, without authorization.

15. On August 13, 2025 Plaintiff(s), received formal written notice identifying them as affected

(IV.)

individuals whose data was involved in the AT&T data security incident. A true and correct copy of this notice is attached hereto as Exhibit-A.

16. The compromised data included information associated with Plaintiff(s) and their minor children, creating heightened risks of identity theft, fraud, stalking, and long-term privacy invasion.

17. Defendant(s) failed to implement reasonable security safeguards, including but not limited to access controls, monitoring, credential management, encryption, and third-party risk oversight.

18. Defendant(s) delayed adequate notice to consumers and failed to meaningfully mitigate harm caused by the breach.

19. Plaintiff(s) have spent substantial time and effort addressing the consequences of the breach, including monitoring accounts, protecting credit, and safeguarding their children's identities.

20. Plaintiff(s) continue to face an increased risk of future harm due to the permanent exposure of their personal data.

V. CAUSES OF ACTION

COUNT I - NEGLIGENCE

21. DEFENDANT(S) OWED PLAINTIFF(S) A DUTY TO EXERCISE REASONABLE CARE IN COLLECTING, STORING, AND PROTECTING PERSONAL DATA.

22. DEFENDANT(S) BREACHED THAT DUTY BY FAILING TO IMPLEMENT REASONABLE AND INDUSTRY-STANDARD SECURITY MEASURES.

23. DEFENDANT(S) BREACHES WERE THE DIRECT AND PROXIMATE CAUSE OF PLAINTIFF(S) DAMAGES.

COUNT II - NEGLIGENCE PER SE

24. DEFENDANT(S) VIOLATED DUTIES IMPOSED BY FEDERAL AND STATE STATUTES AND REGULATIONS GOVERNING TELECOMMUNICATIONS CARRIERS, CONSUMER DATA PROTECTION, AND DATA SECURITY SAFEGUARDS, INCLUDING OBLIGATIONS TO IMPLEMENT REASONABLE ADMINISTRATIVE, TECHNICAL, AND PHYSICAL PROTECTIONS FOR CUSTOMER INFORMATION.

25. THESE STATUTORY AND REGULATORY VIOLATIONS CONSTITUTE NEGLIGENCE PER SE AND WERE A DIRECT AND PROXIMATE CAUSE OF PLAINTIFF(S) INJURIES.

COUNT-III BREACH OF IMPLIED CONTRACT

26. PLAINTIFF(S) AND DEFENDANT(S) ENTERED INTO IMPLIED CONTRACTS WHEREBY DEFENDANT(S) AGREED TO SAFEGUARD CUSTOMER DATA IN EXCHANGE FOR PAYMENT.

27. DEFENDANT(S) BREACHED THESE IMPLIED CONTRACTS BY FAILING TO PROTECT PLAINTIFF(S) DATA.

## COUNT IV - UNJUST ENRICHMENT

28. DEFENDANT(S) UNJUSTLY RETAINED FINANCIAL BENEFITS FROM PLAINTIFF(S) WHILE FAILING TO PROVIDE ADEQUATE DATA SECURITY.

## COUNT V - KENTUCKY CONSUMER PROTECTION ACT (KRS 367.170)

29. DEFENDANT(S) ENGAGED IN UNFAIR, FALSE, MISLEADING, AND DECEPTIVE PRACTICES BY MISREPRESENTING THE SECURITY OF CUSTOMER DATA.

## COUNT VI - INVASION OF PRIVACY

30. DEFENDANT(S) CONDUCT RESULTED IN UNAUTHORIZED DISCLOSURE OF PLAINTIFF(S) PRIVATE INFORMATION, CONSTITUTING AN INVASION OF PRIVACY.

## COUNT VII - DECLARATORY AND INJUNCTIVE RELIEF

31. PLAINTIFF(S) SEEK DECLARATORY AND INJUNCTIVE RELIEF REQUIRING DEFENDANT(S) TO IMPLEMENT ADEQUATE DATA SECURITY MEASURES AND TO DELETE IMPROPERLY RETAINED DATA.

## VI. DAMAGES

32. Plaintiff(s) have suffered actual and concrete damages as a direct and proximate result of Defendant(s) misconduct, including but not limited to loss of privacy, loss of control over personal information, emotional distress, anxiety, fear of future identity theft, and interference with the normal use and enjoyment of telecommunications services.

33. Plaintiff(s) have incurred out-of-pocket expenses and mitigation costs, including time spent monitoring accounts, securing credit, protecting minor children's identities, communicating with financial institutions, and responding to unauthorized data exposure.

34. Plaintiff(s) and their minor children face a substantially increased risk of future identity theft, fraud, and misuse of their personal information due to the permanent nature of the data exposure.

35. Defendant(s) conduct was reckless, willful, and demonstrated conscious disregard for the rights and safety of Plaintiff(s) and their minor children, entitling Plaintiff(s) to punitive damages where permitted by law.

36. Plaintiff(s) seek compensatory damages, statutory damages where applicable, punitive damages, and equitable relief.

## VII. JURY DEMAND

37. PLAINTIFF(S) DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

## VIII. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF(S) RESPECTFULLY REQUEST THAT THE COURT:

(A.) ENTER JUDGMENT IN FAVOR OF PLAINTIFF(S) ON ALL COUNTS; (B.) AWARD COMPENSATORY DAMAGES IN AN AMOUNT TO BE DETERMINED AT TRIAL; (C.) AWARD PUNITIVE AND EXEMPLARY DAMAGES TO DETER SIMILAR MISCONDUCT; (D.) GRANT DECLARATORY RELIEF DECLARING DEFENDANT(S) DATA SECURITY PRACTIES UNLAWFUL; (E.) ENTER INJUNCTIVE RELIEF REQUIRING DEFENDANT(S) TO IMPLEMENT REASONABLE AND INDUSTRY-STANDARD DATA SECURITY MEASURES AND TO DELETE IMPROPERLY RETAINED PERSONAL DATA; (F.) AWARD PRE-AND POST-JUDGMENT INTEREST AS PERMITTED BY LAW; (G.) AWARD COSTS OF SUIT AND ANY ALLOWABLE FEES; AND (H.) GRANT SUCH OTHER AND FURTHER RELIEF AS THE COURT DEEMS JUST AND PROPER.

RESPECTFULLY SUBMITTED,

*(signature)*
CORY L. CHENAULT, SR.
INDIVIDUALLY AND AS PARENT AND NEXT
FRIEND OF THE MINOR PLAINTIFF(S)
PRO SE PLAINTIFF
1598 RUSSELL CAVE ROAD
LEXINGTON, KY 40505
(859) 916-2006

DATE: 02·02·26

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 02·02·26

Signature of Plaintiff: *CCChenault Sr.*

Printed Name of Plaintiff: CORY L. CHENAULT SR.

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

# CERTIFICATE OF SERVICE

CORY L. CHENAULT SR.
INDIVIDUALLY AND AS PARENT AND NEXT
FRIEND OF THE MINOR PLAINTIFF(S)
PRO'SE PLAINTIFF
1598 RUSSELL CAVE ROAD
LEXINGTON, KY 40505
(859) 916-2006

I HEREBY CERTIFY THAT A TRUE ___ OF THIS DOCUMENT, COMPLAINT FOR A CIVIL LAWSUIT CASE HAS BEEN FILED WITH THE CLERK OF UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY CENTRAL DIVISION ON ABOUT THIS 02 DAY OF FEBRUARY, 2026.

I FURTHER CERTIFY THAT, I MAILED A TRUE COPY OF SAID DOCUMENT BY REGULAR U.S. MAIL TO ALL PARTIES IN DEFENDANT(S). ON ABOUT THIS 02 DAY OF FEBRUARY, 2026.

DEFENDANT(S):

AT&T INC.
208 S. AKARD STREET
DALLAS, TX 75202

JOHN STANKEY, PRESIDENT & CEO
208 S. AKARD STREET
DALLAS, TX, 75202

JOSEPH P. TOCCO, SENIOR VICE PRESIDENT & ASST. GENERAL COUNSEL
208 S. AKARD STREET
DALLAS, TX 75202


_CC Chenault Sr._
CORY L. CHENAULT SR.
PRO SE